UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ROSHAUN QUARLES                                                    PETITIONER

v.                                       CIVIL ACTION NO. 5:16CV-190-GNS

LARUE COUNTY JAILER                                                RESPONDENT

### MEMORANDUM OPINION

*Pro se* Petitioner Roshaun Quarles filed a hand-written letter seeking to overturn his state court convictions. Based upon this letter, a 28 U.S.C. § 2254 action was opened in this Court on November 30, 2016. On February 21, 2017, the Court sent Petitioner an Order informing him that he had 30 days to complete a Court-supplied § 2254 form and either pay the requisite $5.00 filing fee or file a prisoner application to proceed without prepayment of fees (DN 3). On March 13, 2017, this Order was returned to the Court in an envelope marked "Return to Sender, Undeliverable as Addressed, Unable to Forward" (DN 4). Petitioner apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither orders from this Court nor filings by Defendants in this action can be served on him. Further, Petitioner has not taken any action in this case since November 30, 2016, when he filed the original document initiating this action.

Upon filing the instant action, Petitioner assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.[1] *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

---

[1] Rule 12 of the Rules Governing Section 2254 Cases states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Because Petitioner has failed to comply with this Court's Local Rules by failing to provide written notice of his current address, and because he has failed to take any action in this case since initiating the action on November 30, 2016, the Court concludes that he has abandoned any interest in prosecuting this case and will dismiss the action by separate Order.

Date: May 9, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Petitioner, *pro se*
4416.011